IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MONIQUE WOODS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| CITY OF MARKHAM, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, MONIQUE WOODS, by and through counsel, SHILLER PREYAR SAMUELS & JARARD, and complaining of the defendants, CITY OF MARKHAM, states as follows:

## INTRODUCTION

This is a civil action seeking damages against the defendant for depriving Plaintiff of her rights secured by the Constitution and laws of the United States.

## JURISDICTION

1. The jurisdiction of this Court is invoked pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., the judicial code 28 U.S.C. § 1331 and 1343 (a); the Constitution of the United States.

2. Pendent jurisdiction as provided under 28 U.S.C. § 1367(a).

## PARTIES

3. Plaintiff MONIQUE WOODS is a citizen of the United States of America, who, at all times relevant, resided in Cook County, Illinois. Her sex is female.

4. Defendant CITY OF MARKHAM ("City") is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of Plaintiff.

## ADMINISTRATIVE REQUIREMENTS

5. On 19 February 2019, Plaintiff filed a charge with the Illinois Department of Human Rights and was subsequently issued a right to sue.

## FACTS

6. Plaintiff Monique Woods has been an officer with the Markham Police Department since 2008.

7. Out of 40 officers, only six are women.

8. At all times relevant, Plaintiff's performance a police officer met the expectations of Chief Terry White and the Markham Police Department.

9. Despite this, Defendants denied Plaintiff equal terms and conditions of employment as her similarly-situated male counterparts.

10. This included, but is not limited to:

    a. subjecting her to harassment and belittlement;

    b. denying her materials and equipment for training (and thus the opportunity to advance);

    c. being removed from her assignment (and thus subjecting to her ridicule and embarrassment, and placing her in less desirable work environments);

    d. being denied adequate and working equipment (thus placing her in danger);

      e. promoting less-senior male officers above her;

      f. using belittling and condescending language to and about her in front of her counterparts;

      g. and refusing her time off.

11. The acts of the Defendant were intentional, willful, and wanton.

12. For example, the police department sent Officer Woods to a training on October 25 & 26, 2018.

13. Officer Woods requested the equipment that she needed for the course, but did not receive it. The training required simulation handgun, rounds/ammo, face shield, and eye and hearing protection.

14. Two male officers, Lewis and Johnson, were sent to the same training and received the equipment.

15. As a direct and proximate result of the unlawful actions of the defendant, Plaintiff was injured, including pain and suffering, humiliation, embarrassment, fear, emotional trauma, mental anguish, the deprivation of her constitutional rights and dignity, interference with a normal life, lost time, and attorneys' fees.

## COUNT I: SEX DISCRIMINATION & HARRASSMENT

16. Plaintiff realleges each of the foregoing counts as if fully set forth here.

17. Plaintiff belonged to a protected class, female, and reasonably met Defendant's legitimate job expectations.

18. Defendant took adverse employment actions against Plaintiff, including subjecting her to unwelcome harassment that unreasonably interfered with her

work performance by creating an environment that was intimidating, hostile, and offensive on the basis of her sex.

19. Defendant treated her less favorably than similarly-situated male counterparts.

WHEREFORE the Plaintiff, MONIQUE WOODS, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., demands judgment against the Defendant, CITY OF MARKHAM, for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

## COUNT II: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

20. Plaintiff realleges each of the foregoing counts as if fully set forth here.

21. The acts and conduct of the Defendant's agents, as set forth above, were extreme and outrageous.

22. In particular, the conduct of treated Plaintiff less than her male counterparts placed Plaintiff in a state of anxiety, fear, humiliation, and severe emotional distress.

23. Defendant intended to, or were in reckless disregard of the probability that their conduct would, cause severe emotional distress to Plaintiff.

24. The conduct of Defendant was undertaken with malice, willfulness, and reckless indifference to Plaintiff's rights.

25. The misconduct was undertaken by Defendant's agents within the scope and course of their employment and as agents of the City of Markham.

26. The City of Markham is liable both under a *respondeat superior* theory.

WHEREFORE the Plaintiff, MONIQUE WOODS, demands judgment against the Defendant, CITY OF MARKHAM, for compensatory damages, costs, expenses, and such other and additional relief as this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Dated: 6 March 2020　　　　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　　　**MONIQUE WOODS**


　　　　　　　　　　　　　　　　　By:　　/s/Jeanette Samuels
　　　　　　　　　　　　　　　　　　　　　　*One of Plaintiff's Attorneys*


　　　　　　　　　　　　　　　　　Jeanette Samuels
　　　　　　　　　　　　　　　　　SHILLER PREYAR JARARD & SAMUELS
　　　　　　　　　　　　　　　　　601 South California Avenue
　　　　　　　　　　　　　　　　　Chicago, Illinois 60612
　　　　　　　　　　　　　　　　　T: 312-226-4590
　　　　　　　　　　　　　　　　　F: 773-346-1221
　　　　　　　　　　　　　　　　　E: sam@spjslaw.com